## AMERICAN SKEWER CO. v. HELMS.

(Circuit Court, E. D. Pennsylvania. January 24, 1899.)

PATENTS—INFRINGEMENT—SKEWER MACHINES.

The Anderson patent, No. 250,700, and the McNutt patent, No. 378,934, both for machines for pointing skewers, construed, and *held* not anticipated, valid, and infringed, the former as to claim 1, and the latter as to claim 2.

This was a suit in equity by the American Skewer Company against Peter D. Helms for alleged infringement of certain patents covering machines for pointing skewers.

Chester Bradford, for complainant.

Horace Pettit, for respondent.

DALLAS, Circuit Judge. This is a suit upon letters patent No. 250,700, dated December 13, 1881, to Leonard Anderson, and No. 378,934, dated March 6, 1888, to Lindsay B. McNutt, each of which is for a "machine for pointing skewers." The controversy involves the first claim of the Anderson patent, which is as follows:

"(1) The combination of the worm or equivalent gear, $D^2$, skewer-feeders, D, circular trough, $D^1$, and cutters, E E, substantially as and for the purposes shown;"

—And the second claim of the McNutt patent, which is as follows:

"(2) The combination, substantially as set forth, of the platen, the curved ways and brackets supported above the platen, sleeves journaled upon the brackets and carrying feed-rolls, and a cutter-shaft passing through said sleeves, and having an independent lateral adjustment therein."

The nature of the defense appears from a proposition which is thus affirmed in the defendant's brief:

"That claim 1 of the Anderson patent, and claim 2 of the McNutt patent, in suit, if valid at all, are strictly limited to the specific constructions de-

scribed, involving the detailed elements of the claim, and that defendant's machine does not infringe, but embodies, as far as the patents in suit are concerned, only such elements as were common property, and old and well known at the date of the alleged inventions of the said patents."

This proposition presents the question in the case: Must the claims in suit be so restricted as to be exclusive of the defendant's machine, or else be held to be invalid? The respondent asserts that this question should be answered affirmatively, because, as he contends, the prior state of the art requires it, and the proceedings in the patent office preclude the complainant from asserting the contrary. The position thus taken rests upon the existence of certain differences in the details of two machines which, neither in construction nor mode of operation, can be said to be so simple as not to require explanation; and yet the respondent, though he has put in evidence a number of earlier patents, and the file wrappers and contents of those in suit, has called no witness to elucidate the devices to which they relate, or to impeach the correctness of the views of the witness called by the complainant, an expert whose qualifications and credibility there is absolutely nothing to discredit. In Hanifen v. E. H. Godshalk Co., 28 C. C. A. 511, 84 Fed. 649, it was held that expert testimony should not be given conclusive effect if, in the opinion of the court, it be not well founded; but in that case no reasons had been given by the expert for his conclusions, and their acceptance would have resulted in striking down a patent, whereas in the present case the witness has intelligently supported the opinions he has expressed, and the effect of rejecting them would be, not to sustain, but to defeat or narrow the patents sued on. That the defendant's machine is, in its material features, very like that described and claimed in the complainant's patents is made manifest by inspection, although, undoubtedly, there are some differences in construction. But the expert to whom I have referred, while admitting these differences, has, in substance, testified that they amount to nothing but the mere substitution of well-known and obvious mechanical equivalents for the similar and corresponding parts covered by the first claim of the Anderson patent, and by the second claim of the patent to McNutt. My own understanding of the matter accords with this statement of fact, and its acceptance is fatal to the defense relied on. It might be conceded that this is not a case in which the doctrine of equivalents should be applied with especial liberality, but the value of no patent ought to be destroyed by so construing it as to admit of its evasion by making structural changes in details which effect no departure from the principle of the invention. It has, however, been argued that these patents, if not "strictly limited to the specific constructions described," are invalid. That is to say, as I understand it, that the parts of the machinery designated in the respective claims must be restricted to the precise forms designated, because corresponding parts, if not the same in point of form, though having the same purpose in the combination, and effecting that purpose in substantially the same manner, cannot, without invalidating the patents, be regarded as identical or conflicting. This contention challenges the correctness of the action of the patent office. It involves the assumption that each of these patents was granted for a subject-matter which was either absolutely devoid

91 F.—50

of novelty, or which, though immaterially varied, was essentially old. The presumption is that neither of these things was done; and that presumption, in my opinion, should, under the circumstances of this case, be accorded very great weight. The Boynton patent, upon which the respondent mainly relies, was very carefully considered, and although the proceedings were prolonged, and several of the claims originally presented were rejected, yet, in the end, those now in controversy were allowed, and, in the absence of explanatory testimony in support of the contention that their allowance was improper, there is nothing which would justify the court in saying that the patents were erroneously issued, or in so limiting their scope as practically to annul them. Decree for complainant.